UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------X

MIKHAIL KOPELEVICH,

                  *Plaintiff*,

    -against-

BIZZEY CAPITAL PARTNERS, INC.; SEAN
TOLNAY; ANDREW LE; MARK CONNOLLY;
JOHN/JANE DOES 1-5,

               *Defendants*.

--------------------------------------X

**MEMORANDUM AND ORDER**

21-CV-5963(KAM)(VMS)

**KIYO A. MATSUMOTO, United States District Judge:**

On October 27, 2021, Plaintiff Mikhail Kopelevich ("Plaintiff" or "Kopelevich") commenced the instant action against Bizzey Capital Partners, Inc., Sean Tolnay, Andrew Le, Mark Connolly, and John/Jane Does 1-5[1] (together, "Defendants"), related to alleged telemarketing calls received by Plaintiff and initiated by Defendants. (*See generally* ECF No. 1, Complaint.) Plaintiff served the Defendants in October 2021. (ECF Nos. 5-8, Summonses Returned Executed.) No Defendants appeared in the action, and the Clerk of Court entered Defendants' defaults on January 20, 2022. (ECF No. 15, Entry of Default.)

---

[1] Identified in the complaint as "other liable parties currently unknown to Plaintiff." (Compl. at ¶9.) Due to the unknown nature of the John/Jane Doe defendants, they were not served with the complaint or other filings.

Subsequently, Plaintiff moved for Default Judgment on March 18, 2022. (ECF No. 17.) However, Plaintiff's motion was not filed in conformance with Local Civil Rule 55.2 of the Eastern and Southern Districts of New York, and as such, it was denied without prejudice, with leave to refile by November 1, 2022. (Docket Order dated October 6, 2022.) Specifically, Plaintiff failed to append a copy of the complaint to the motion for default judgment, and improperly served the motion for default judgment on individual plaintiffs at their place of employment, rather than their "last known residence" as required by Local Rule 55.2(c). (*Id.*)

By order dated December 14, 2023, after Plaintiff had failed to take any action in the case in response to the Court's October 6, 2022, Order, the Court ordered Plaintiff to show cause by December 21, 2023, as to why the action should not be dismissed for failure to prosecute and failure to follow court orders, pursuant to Fed. R. Civ. P. 41(b). (Docket Order dated December 14, 2023.) The court warned that "**Plaintiff is cautioned that failure to respond to this order will result in dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute and failure to comply with court orders.**" (*Id.* (emphasis in original).) The Court has not received a response from Plaintiff as of the date of this Order.

"Although not explicitly authorized by Rule 41(b) [of the Federal Rules of Civil Procedure], a court may dismiss a complaint

for failure to prosecute *sua sponte*," and may do so for failure to comply with a court order. *Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) (summary order) (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)). A court considering whether to dismiss an action for failure to prosecute must weigh the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. No single factor is generally dispositive.

*Baptiste v. Sommers,* 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks and citation omitted). The factors here favor dismissal of this case.

*First*, Plaintiff has taken no action to prosecute this case since March 2022, nearly two years ago. Plaintiff continued to take no action despite this Court's recent order, issued more than two weeks ago, that Plaintiff respond to an order to show cause regarding why the action should not be dismissed. The deadline for Plaintiff to respond passed on December 21, 2023.

*Second*, the court's December 14, 2023, order put Plaintiff on notice that the Court would dismiss this action for failure to

prosecute unless Plaintiff responded. In response, Plaintiff did nothing.

*Third*, "while the prejudice to defendant and the burden on the [c]ourt are currently minimal, [P]laintiff's delay 'lean[s] in the direction of dismissal' even if 'only slightly.'" *Rozell v. Berryhill*, No. 18-cv-969 (AJN) (JLC), 2019 WL 1320514, at *2 (S.D.N.Y. Mar. 25, 2019) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)). Defendants and the Court have an interest in having this case closed if Plaintiff does not intend to see it through.

Fourth, the Court must also consider the heavy demands of its docket. This action has been dormant for nearly two years, and Plaintiff's counsel has not indicated that Plaintiff intends to move forward with this action, despite the court's order to show cause as to why the case should not be dismissed. "Since [P]laintiff has shown no interest in moving this case forward, the [c]ourt's need to reduce docket congestion outweighs the [P]laintiff's right to be heard in this case." *Phair v. Suffolk Cty. Corr. Facility*, No. 19-cv-3302 (GRB), 2020 WL 3489495, at *2 (E.D.N.Y. June 26, 2020); *see also Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-cv-9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) ("The efficient administration of judicial affairs—a consideration vital to the [c]ourt's ability to provide meaningful access to other

4

litigants—depends on the [c]ourt's overseeing its docket and guaranteeing that its cases progress with appropriate speed.").

Finally, no lesser sanction will be effective in moving this action forward. Plaintiff has ignored its obligation to prosecute this case since March 2022, and ignored this Court's recent order to show cause why the action should not be dismissed. If the case is not dismissed, it will likely remain open and stalled for the foreseeable future.

Accordingly, the case is hereby DISMISSED for failure to prosecute and comply with a court order.

The Clerk of Court is directed to enter judgment dismissing the case, and to close the case.

**SO ORDERED**

Dated:     January 2, 2024
           Brooklyn, New York

_____
          /s/
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York